(117 So. 506)

### Theodore COPPOCK v. STATE. (7 Div. 490.)

Court of Appeals of Alabama. June 19, 1928.

S. W. Tate, of Anniston, for appellant.

---

Charlie C. McCall, Atty. Gen., for the State.
Brief did not reach the Reporter.

RICE, J. This is an appeal from a judgment of conviction on a charge that appellant "did feloniously take and carry away a dog, the personal property of Thos. G. McNaron," etc.

The charge was made in the form of a complaint filed in the circuit court, after the conviction of defendant in the county court of the same offense, and upon his taking an appeal to the said circuit court. Code 1923, § 3843.

This court has read the entire evidence in the case, sitting en banc. Some erroneous rulings upon the taking of testimony are apparent, but, in the view we take, a consideration of them is unnecessary. We are unanimously of the opinion that, while there are some circumstances shown which create a suspicion, rather strong, perhaps, that Mr. McNaron had the dog in question stolen from him, and that appellant was guilty of the larceny, yet the evidence falls far short of reaching that weight requisite to sustaining convictions for crime. In the first place, it does not at all satisfactorily appear from the evidence that anybody, not alone this appellant, stole Mr. McNaron's dog. And, in the second place, the evidence connecting this appellant with the larceny, assuming a larceny was shown, is weak, inconclusive, insufficient, and unsatisfactory. Being duly deferential to the finding of the jury and the action of the trial court in overruling appellant's motion for a new trial, we are yet clear to the conclusion that the conviction of appellant, upon the evidence adduced, was wrong and unjust.

For the error in overruling appellant's motion for a new trial, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.